IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

STATE OF NEW YORK, et al.,

                          Plaintiffs,

           - v -                                   No. 06-CV-810

UNITED STATES OF AMERICA, et al.,

                          Defendants.

_____

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

**BACKGROUND**

Defendants United States of America and Secretary of Energy Ernest J. Moniz ("Defendants" or "DOE"), and Plaintiffs State of New York and two of its agencies ("Plaintiffs") agree that Plaintiffs' sole remaining claim in this litigation should be dismissed. The parties disagree only on the appropriate mechanism for dismissal of Plaintiffs' claim that under the Nuclear Waste Policy Act of 1982, 42 U.S.C. §§ 10101-10270 ("NWPA"), Defendants, not Plaintiffs, are responsible for a "disposal fee" concerning the high-level waste now stored at the Western New York Nuclear Service Center at West Valley, New York ("the Center").[1] ECF Nos. 46-48 (Pls.' Mot. to Dismiss); ECF Nos. 50 (Defs.' Mot. to Dismiss), 50-1 (combined Mem. in Supp. of Defs.' Mot. to Dismiss and Opp'n to Pls.' Mot. to Dismiss ("Defs.' Br.")). Plaintiffs'

---

[1] Background information concerning the lawsuit is set forth more fully in the "Background" section of Defendants' opening brief, ECF No. 50-1, at 3-4.

attempt to dismiss their claim under Federal Rule of Civil Procedure 12(b)(1) is an improper use of Rule 12(b), which contemplates only motions to dismiss a claim brought by the party against whom the claim is asserted.   Here, where Defendants have never answered or filed a pleading that responds to Plaintiffs' Complaint, Plaintiffs may – and in the interests of judicial economy, should – simply dismiss their Complaint administratively under Rule 41(a)(1).   Moreover, the NWPA provides for exclusive jurisdiction in the United States Courts of Appeals, not the United States District Courts. 42 U.S.C. § 10139(a) (NWPA "Section 119").   Thus, Plaintiffs' motion to dismiss should be denied, and Defendants' should be granted, because the grounds urged in Defendants' motion to dismiss present a clearer, more compelling, and more efficient basis for dismissal that would require no fact-finding.

## ARGUMENT

**I.    The Court Should Deny Plaintiffs' Motion to Dismiss, or Deem it to be a Notice of Dismissal.**

   A.    Plaintiffs' Reliance on a Rule 12(b)(1) Motion to Dismiss is Improper Given the Availability of Notice of Dismissal Under Rule 41(a).

   Plaintiffs' motion to dismiss should be denied because it is an improper use of Rule 12(b), which authorizes a party against whom a claim is brought to assert a "defense to a claim for relief" by motion under the listed circumstances. As Defendants' opening brief demonstrated, the policy of that rule is "to provide for a quick presentation . . . of defenses" in order to avoid "delay" and "prolonging the final disposition of the case." Sadler v. Pa. Refining Co., 33 F. Supp. 414, 415 (W.D.S.C. 1940); cf. In re AE Liquidation, Inc., 435 B.R. 894, 901 (Bankr. D. Del. 2010) (Rule 41 premised on "judicial economy and equity").   Interpreting Rule 12(b)(1) in a manner that permits plaintiffs to move to dismiss their own claim frustrates this policy, and is inconsistent with the

2

Rule's language.   Defs.' Br. at 6-7.[2]

In Section I.A of their brief, Pls.' Reply Br. at 3-6, Plaintiffs cite distinguishable cases in an effort to support their position that a Rule 12(b)(1) motion may be brought by the party whose "claim for relief" is the subject of the motion. In each of the trial court cases they cite, however, the action had progressed beyond the answer stage and the plaintiffs thus did not have the option of dismissing their claims unilaterally and without judicial action.   Instead, dismissal necessarily would have occurred pursuant to court order under Rule 41(a)(2), requiring a court that arguably lacked jurisdiction to entertain the action to determine the propriety of dismissal and any conditions to it.   See, e.g., Hylte Bruks Aktiebolag v. Babcock & Wilcox Co., 305 F. Supp. 803, 809 (S.D.N.Y. 1969) ("Rule 41(a)(2) is reserved for voluntary dismissals, the granting of which are within the discretion of the court."); In re AE Liquidation, 435 B.R. at 901 (discussing Rule 41(a)(2)).   The rationale for scrutinizing the court's subject matter jurisdiction under such circumstances is straightforward.   As one court has explained:

> A dismissal for want of subject matter jurisdiction may not be deemed pursuant to Rule 41(a)(2) . . . If a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised. Moreover, because subject matter jurisdiction is wanting, it would also be inappropriate for the court to impose the "terms and conditions" which the rule authorizes.

In re Fed. Election Campaign Act Litig., 474 F. Supp. 1051, 1053 (D.D.C. 1979); see also Hylte Bruks, 305 F. Supp. at 809 ("It would be anomalous to impose conditions . . . upon a party who

---

[2]  Plaintiffs hollowly assert that Defendants "fail[] to explain . . . why dismissing a claim at a plaintiff's request interferes with the prompt determination of actions."   Plaintiffs' Reply Brief ("Pls.' Reply Br."), ECF No. 53, at 6.   As discussed in Defendants' opening memorandum, a motion that requires the Court to consider 99 pages of evidentiary material in order to dismiss a claim that may be withdrawn unilaterally by its proponents does not further judicial economy.

moves to dismiss his own action for lack of jurisdiction, since dismissal would be no less mandatory . . . if the party remains silent or simply brings the jurisdictional defect to the court's attention."); <u>Mission Essential Personnel, LLC v. United States</u>, 104 Fed. Cl. 170, 177 (2012) (court "must first resolve its jurisdictional doubts . . . . If the court determines that it possesses jurisdiction, *then* it can weigh both sides' arguments on the propriety of a voluntary dismissal pursuant to RCFC 41(a)(2).") (emphasis added).

Here, in contrast, Plaintiffs concede that they have the option to dismiss their NWPA claim unilaterally, without prejudice,[3] and without any action by this Court, simply by filing a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) or a stipulation under Rule 41(a)(1)(A)(ii).[4] <u>See</u> Pls.' Reply Br. at 5.   A Rule 41 notice, not a Rule 12(b) motion, is the "shortest and surest route" to end the case.   <u>See</u> <u>Thorp v. Scarne</u>, 599 F.2d 1169, 1176 (2d Cir. 1979).   Yet Plaintiffs have opted instead to continue their litigation for the express purpose of obtaining an opinion from a court they admit lacks jurisdiction. Under the circumstances, Plaintiffs' continued prosecution of their case is a waste of judicial resources, and their Rule 12(b)(1) motion should be denied.[5]

B.   <u>Judicial Economy Weighs in Favor of Resolving Defendants' Motion to Dismiss First.</u>

Plaintiffs' argument, in Section I.B of their brief, <u>see</u> Pls.' Reply Br. at 6-8, that the Court

---

[3] Plaintiffs make vague, unsubstantiated assertions of "prejudice," Pls.' Reply Br. at 5, if the Court does not grant their motion, but fail to articulate any cognizable legal prejudice.   Nor do they explain how a claim of prejudice could override a proper finding of no jurisdiction.

[4] Plaintiffs are effectively in the same position as a would-be plaintiff deciding whether to file a claim in the first instance.

[5] Defendants reiterate that they are willing to stipulate to the dismissal of this action without prejudice, provided the stipulation is not accompanied by findings of fact. <u>See</u> Rule 41 (a)(1)(A)(ii).

should consider first the grounds they urge for dismissal (i.e., that their claim is not ripe and that there is no final agency decision or action) is unpersuasive.  Plaintiffs present no convincing response to Defendants' argument that resolving the ripeness issue will necessarily require fact-finding by this Court, whereas Defendants' argument that statutory jurisdiction lies in the Court of Appeals involves a straightforward legal question concerning the NWPA's jurisdictional scheme that has been considered by many other federal courts.

Based on the discussion of case-law in Section I.B of the Reply Brief, Plaintiffs apparently agree with Defendants that judicial economy should determine the sequence in which a court addresses alternative threshold bases for dismissing a complaint.  Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 432 (2007) (dismissal on *forum non conveniens* ground proper "when considerations of convenience, fairness, and judicial economy so warrant."); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 586 (1999) (dispositive issues' order of precedence depends upon "concerns of judicial economy and restraint"); In re Facebook, Inc., IPO Secs. & Derivative Litig., Nos. 12 Civ. 4156, 12 Civ. 7549, 12 Civ. 7553, 12 Civ. 7815, 2013 WL 525158, at *7 (S.D.N.Y. Feb. 13, 2013) (issues of "procedural convenience, efficiency and judicial economy" should inform sequence for determining threshold issues); Turedi v. Coca Cola Co., 460 F. Supp. 2d 507, 516, 520 (S.D.N.Y. 2006), aff'd, 343 F. App'x 623 (2d Cir. 2009) (court has discretion to address "more easily resolvable" dispositive non-merits issues before ruling on issues that would require "extensive discovery, significant costs, delays and judicial inquiry into highly sensitive political or public policy questions"); see also Chalabi v. Hashemite Kingdom of Jordan, 503 F. Supp. 2d 267, 273 (D.D.C. 2009) (dismissing on statute of limitations grounds and noting that "[w]here, as here, the issue of jurisdiction could be an 'arduous' one, and it is clear that the case

can be disposed of on a non-merits ground, it serves the interests of judicial economy to do so.")
Fact-based defenses generally implicate more judicial resources than purely legal ones, and this
case should be no exception to that rule.

Although Defendants have declined to take a position on Plaintiffs' ripeness and final
agency action arguments (based on their belief that this Court lacks jurisdiction over the NWPA
claim), Plaintiffs' suggestion that fact-finding is unnecessary to resolve their motion to dismiss is
belied by the 99 pages of affidavit evidence introduced in connection with their motion. See Decl.
of Hal Brodie ("Brodie Decl.") (ECF No. 48).   Plaintiffs' reply brief does not acknowledge the
exhibits to their opening brief or explain why such evidence would be necessary to support a
motion that does not require fact-finding.   The posture of the case and the caselaw support
resolving Defendants' motion to dismiss first.

## II. The Court Should Grant Defendants' Motion to Dismiss Because Jurisdiction Over this NWPA Claim Lies Exclusively in the Court of Appeals

In Section II of their brief, Plaintiffs present two reasons why they believe the Defendants'
motion to dismiss should be denied. Pls.' Reply Br. at 9-12.   Plaintiffs argue that the Court of
Appeals lacks jurisdiction, first, because there is no final decision or action, and second, because
theirs is not the type of claim for which the NWPA dictates exclusive jurisdiction in the courts of
appeals.   Plaintiffs' first argument is circular, and the second is wrong.

Plaintiffs devote much of the Reply brief to their present position that their Complaint fails
to allege a final agency action or decision that could support jurisdiction under the NWPA.[6]   But

---

[6] Plaintiffs' claim seeking declaratory relief under the NWPA was predicated on a statement of
DOE's position in a letter dated February 2, 2002 to New York from DOE Undersecretary Andrew
Card.   Brodie Decl. ¶ 27.   In their motion to dismiss, Plaintiffs have asserted that the Card letter

whether Plaintiffs' Complaint identifies a "final decision or action" necessary to support jurisdiction under NWPA Section 119 (42 U.S.C. § 10139(a)), Defendants have argued, is a question that must be answered by interpreting the NWPA's jurisdictional provision, and should be decided in the Court of Appeals.   Plaintiffs' argument that the requisite final agency action is not present begs the central question of which court should make such determinations, and provides no basis for denying Defendants' motion to dismiss.

Plaintiffs' argument that their claim arises under a section of the NWPA for which review lies in the district courts, Pls.' Reply Br. at 10-12, must be rejected for the reasons set forth in the memorandum in support of Defendants' motion to dismiss.   The cases have not, as Plaintiffs contend, limited appellate review to only those cases that involve the narrow issue of siting for the permanent waste repository contemplated under the statute. See Defs.' Br. at 10 & n.7.   Instead, federal courts have consistently taken a view of Section 119 that is expansive enough to cover almost any question relating to the Nuclear Waste Fund that the NWPA establishes, including questions, like the ones raised in Plaintiffs' Complaint, about responsibility for disposal fees. See, e.g., Gen. Elec. Uranium Mgmt. Corp. v. U.S. Dep't of Energy, 764 F.2d 896, 901 (D.C. Cir.

---

was "tentative," not "definitive."   Pls.' Mot. to Dismiss at 15-16; id. at 13 (characterizing DOE's position that New York is responsible for disposal fee of West Valley wastes as "a negotiating position"). Plaintiffs also repeatedly describe their inclusion of their NWPA claim as a "protective filing," Brodie Decl. ¶ 27, suggesting that they did not view the letter as final agency action even at the time the case was brought.   Plaintiffs cite no authority that a party may, provided that its motives are sufficiently noble, file a claim over which it does not believe jurisdiction exists, then use Rule 12(b)(1) to confirm its doubts.   Plaintiffs cite Friends of the Everglades v. EPA, 699 F.3d 1280 (11th Cir. 2012), see Pls.' Reply Br. at 4-5, but that case, in which the petitioners filed their claims in the Court of Appeals based on the United States' position that it was the proper forum, was not one in which Rule 41 dismissal procedures would apply. At any rate, given Plaintiffs' belief that threshold jurisdictional is absent in this case, Plaintiffs should exercise their undisputed option to dismiss the Complaint by filing a notice under Rule 41(a)(1).

1985) (finding fee matters under Section 302 (42 U.S.C. § 10222) subject to the original and exclusive jurisdiction of the courts of appeals).   Plaintiffs' brief provides no reason to believe that the Second Circuit would reach a different conclusion.[7]

Plaintiffs' argument that Section 119 "is limited to siting controversies" is particularly curious given their acknowledgment that a leading case addressing the issue, General Electric, did not involve any siting issue.   See Pls.' Reply Br. at 11 (acknowledging that challenged rule in General Electric "did not concern repository siting").   Rather, as Defendants have pointed out, the court there construed NWPA Section 302 (42 U.S.C. § 10222), which governs fees for the Nuclear Waste Fund.   Plaintiffs' Complaint relies on Section 302, Compl. ¶¶ 116 & 139, which is also cross-referenced in NWPA Section 8(b).   42 U.S.C. § 10107(b)(2) ("The costs resulting from permanent disposal of high-level radioactive waste from atomic energy defense activities shall be paid by the Federal Government, into the special account established under [NWPA Section 302]").[8]   Plaintiffs' contention that, based on the language of Section 8(b), the fee should be borne by the United States rather than New York does not remove their case from the universe of cases relating to disposal fee allocation which, courts have uniformly held, must be reviewed in the

[7] Plaintiffs' argument that Section 119 will become ineffective after a permanent repository is licensed undermines their position that review in the appellate courts is unavailable, since the parties agree that the license has not yet been issued.

[8] Given the integral purpose and structure of the statute and the close relationship among Section 8, Section 302, and Part A, which is acknowledged in the State's Complaint, reliance on Section 8 would not affect Section 119's jurisdictional mandate. See Gen. Elec. Uranium Mgmt. Co., 764 F.2d at 902 (review provision applied to Section 302 because purpose section in Subchapter I, Part A incorporated by reference parts of Section 302); Tennessee v. Herrington, 806 F.2d at 648 (where provision in Part C made certain subsections of Part A applicable, review authorized only pursuant to Section 119); Neb. Pub. Power Dist. v. United States, 590 F.3d 1357, 1365 (2010) ("The matters addressed in Subchapter III are closely related to those addressed in Part A of Subchapter I," and therefore Section 119 applies to Subchapter III provisions as well).

courts of appeals. <u>Gen. Elec. Uranium Mgmt. Co.</u>, 764 F.2d at 902 ("[I]t would be singularly incongruous for fee questions to be subject to judicial review in both the district courts and the courts of appeals, while all other matters would go directly to the courts of appeals.").

Nor is there any force to Plaintiffs' attempt to distinguish <u>General Electric</u> based on the formality of the challenged agency action, in that case a decision that was the product of notice-and-comment rule-making.  Plaintiffs' attempts to distinguish this case from the multiple cases finding that NWPA claims should be brought in the courts of appeals fail, and Defendants' motion to dismiss should be granted.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion to dismiss their own complaint should be treated as a notice of dismissal under Rule 41(a), and should be entered into the docket as such and without fact-finding by this Court.  Alternatively, the Court should deny Plaintiffs' motion to dismiss, and dismiss the Complaint on the grounds stated in Defendants' motion.

Dated: November 8, 2013.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　WILLIAM J. HOCHUL, JR.
　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　MARY K. ROACH
　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　U.S. Attorney's Office
　　　　　　　　　　　　　　　　　Western District of New York
　　　　　　　　　　　　　　　　　138 Delaware Avenue
　　　　　　　　　　　　　　　　　Buffalo, New York 14202
　　　　　　　　　　　　　　　　　716-843-5866
　　　　　　　　　　　　　　　　　mary.k.roach@usdoj.gov


　　　　　　　　　　　　　　　　　ROBERT G. DREHER
　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

9

By:/s/ *Stacey Bosshardt*
STACEY BOSSHARDT
D.C. Bar No. 458645
Stacey.bosshardt@usdoj.gov
(202) 514-2912
Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2013, I electronically filed the foregoing Defendants'

Reply Memorandum in Support of Defendants' Motion to Dismiss for Lack of Subject Matter

Jurisdiction with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to all listed counsel of record.

/s/ *Stacey Bosshardt*
Stacey Bosshardt